# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACIE BROWN-MINGO, | CASE NO. 1:09-cv-00271-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS |
| v. | |
| FRESNO COUNTY JAIL, | (Doc. 1) |
| Defendant. | |

Plaintiff Tracie Brown-Mingo ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and was incarcerated at Fresno County Jail at the time of the events described in her complaint. Plaintiff names Fresno County Jail as the defendant. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under Section 1983. Plaintiff's complaint will be dismissed, with leave to file an amended complaint.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff's complaint does not set forth any facts or causes of action in a clear manner. Instead, Plaintiff's complaint consists of a description of Plaintiff's attempts to file inmate grievances regarding various conditions in Fresno County Jail. Plaintiff indicates that she is attempting to pursue her claim as a class action and asks the Court to "[p]lease add these ladies to the class action suit . . ." (Compl. 5, ECF No. 1.)

Assuming that the issues Plaintiff complained of in her inmate grievances are the same issues Plaintiff is attempting to resolve in this action, Plaintiff's Section 1983 claim concerns the unsanitary conditions at Fresno County Jail. Plaintiff complains about "little black worms" in the "shower area" at Fresno County Jail. (Compl. 4, ECF No. 1.) Plaintiff also complains that she "coughs serverly[sic] and "have[sic] tightness in [her] chest" because of "a serious asbestos problem." (Compl. 4, ECF No. 1.) Plaintiff complains that she has not been seen by a doctor. Plaintiff also

complains about "black dust from the ventilation system" and "water build up from the bottom of the coffee pot." (Compl. 4, ECF No. 1.) Plaintiff further complains that "there is[sic] spiders & rats." (Compl. 3, ECF No. 1.) Plaintiff contends that "the building need[sic] to come down because it was builded[sic] in 1918 or 1920 it is unsafe & unhealth[sic] for the inmates or staff. Building need[sic] to be clean[sic] of asbestos, mildew & mold be rebuilded[sic]." (Compl. 3, ECF No. 1.)

**III.     Discussion**

    **A.     Class Certification**

Plaintiff's complaint states that she is bringing this lawsuit as a class action against the Fresno County Jail. Plaintiff, however, is a non-lawyer proceeding without counsel. Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

It is well established that a layperson cannot ordinarily represent the interests of a class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) (pro se prisoner litigant cannot fairly and adequately protect the interests of fellow inmates in a class action); see also C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others"). Therefore, to the extent that Plaintiff is requesting certification of this action as a class action, that request is denied and this action shall proceed as an individual lawsuit brought by Plaintiff.

    **B.     Eighth Amendment Claims**

It is unclear what causes of action Plaintiff is attempting to raise, but the allegations in her complaint touch upon issues relevant to an Eighth Amendment analysis. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison

official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff's complaint fails to state a cognizable claim under the Eighth Amendment. Plaintiff provides only a vague description of the conditions at Fresno County Jail; he complains about black worms, spiders, rats, mildew, mold, and water build-up from the bottom of a coffee pot. The conditions alleged by Plaintiff are not serious enough to warrant protection under the Eighth Amendment.

Plaintiff has not alleged that she suffered a serious injury or illness as a result of the conditions and there is no plausible support for the conclusion that Plaintiff was exposed to any risk

of serious illness or injury. Plaintiff also complains that Fresno County Jail has a serious asbestos problem and that Plaintiff "coughs severly[sic]" and experienced tightness in her chest. Plaintiff has offered no facts in support of her conclusion that Fresno County Jail has a serious asbestos problem. Nor has Plaintiff explained how she knows Fresno County Jail has a serious asbestos problem – it is unclear if Plaintiff personally saw the asbestos, where the asbestos was found, or how Plaintiff was exposed to it. It is unclear how Plaintiff knows that her coughs and the tightness in her chest were caused by exposure to asbestos.

Plaintiff also complains that she never saw a doctor. However, Plaintiff has not alleged facts that plausibly support the conclusion that she had a serious medical condition. Plaintiff only alleges that she had a severe cough and tightness in her chest. Such symptoms do not rise to the level of an Eighth Amendment violation. There is no indication that her illness posed a serious risk to her health.

Further, Plaintiff has not alleged any facts that demonstrate that any jail official was aware of the asbestos or other risk to Plaintiff's health. In order to state an Eighth Amendment claim under Section 1983, Plaintiff must do more than allege facts that plausibly support the conclusion that Plaintiff was exposed to a serious risk of harm. Plaintiff must allege that jail officials acted with deliberate indifference. Plaintiff must also allege facts that support the conclusion that a jail official was aware of that risk of harm and deliberately ignored it. Thus, Plaintiff fails to state a claim under the Eighth Amendment.

### C.   Claims Against Fresno County Jail

Plaintiff does not identify any individuals as Defendants. The only entity named as a defendant in Plaintiff's complaint is Fresno County Jail. Plaintiff is advised that, while it is permissible to sue a municipality under Section 1983 where an official policy or custom is the cause of a constitutional tort, a municipality cannot be held liable for the unconstitutional acts of its employees under a theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 690-691 (1978).

Plaintiff fails to allege that the unsanitary conditions at Fresno County Jail were caused by an official policy or custom at the jail. Plaintiff does not identify any official policy or customs.

Further, as previously discussed, Plaintiff has not sufficiently alleged that any constitutional violation occurred. <u>See</u> discussion <u>supra</u> Part III.B.  Therefore, Plaintiff fails to state any claims against Fresno County Jail.

**IV.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 19, 2010**                    **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE