# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACIE BROWN-MINGO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FRESNO COUNTY JAIL,<br><br>　　　　Defendant.<br>_____/ | 1:09-cv-00271-GBC PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER<br><br>(Doc.10)<br><br>ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g) |

　　　On July 20, 2010, the Court issued an order dismissing the complaint with leave to amend, within thirty days. (Doc. 10.)  The thirty day period has now expired and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

　　　Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." In re Phenylpropanolamine, 460 F.3d at 1227 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54

1  (9th Cir. 1995)(per curiam)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet,
2  963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
3  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
4  failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
5  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply
6  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for
7  failure to lack of prosecution and failure to comply with local rules).

8    In determining whether to dismiss an action for lack of prosecution, failure to obey a
9  court order, or failure to comply with local rules, the Court must consider "several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its
11 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
12 cases on their merits; and (5) the availability of less drastic sanction." Omstead v. Dell Inc., 594
13 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine Products Liability Litigation, 460
14 F.3d 1217, 1222 (9th Cir 2006); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

15    The "public's interest in expeditious resolution of litigation always favors dismissal."
16 Pagtalunan, 291 F.3d at 649.  Accordingly in the instant case, the Court finds that the public's
17 interest in expeditiously resolving this litigation weighs in favor of dismissal.  This case has
18 consumed time that the Court could devoted to other cases that are on the docket.  Pagtalunan,
19 291 F.3d at 642.  The Court's interest in managing the docket weighs in favor of dismissal.

20    The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
21 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
22 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
23 favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of
24 dismissal discussed herein.  Finally, the Court's warning to a party that his failure to obey the
25 Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
26 Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's

-3-

order expressly advised Plaintiff that failure to file an amended complaint would result in the action being "dismissed, with prejudice, for failure to state a claim."  (Doc. 10, p. 7:19-20.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

        Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed with prejudice based on Plaintiff's failure to obey the Court's order of July 20, 2010 and for failure to state a federal claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915; and
3. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:   October 5, 2010

UNITED STATES MAGISTRATE JUDGE